**Mario Kelbia ARAZOLA– GALEA, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 16-73574**

United States Court of Appeals, Ninth Circuit.

Submitted November 15, 2017 *

San Francisco, California

Filed December 12, 2017

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Tara K. Hoveland, South Lake Tahoe, California, for Petitioner.

Karla Hotis Delord, Assistant United States Attorney; Krissa M. Lanham, Deputy Appellate Chief; Elizabeth A. Strange, Acting United States Attorney; United States Attorney's Office, Phoenix, Arizona; for Respondent.

** The Honorable William E. Smith, Chief United States District Judge for the District of

Before: JOHNNIE B. RAWLINSON and JAY S. BYBEE, Circuit Judges, and WILLIAM E. SMITH,** Chief District Judge.

## OPINION

RAWLINSON, Circuit Judge:

Mario Arazola–Galea is a native and citizen of Honduras who has been living in the United States since at least 2000. In 2013, Arazola–Galea was arrested by border patrol agents in Arizona and ordered detained on a felony complaint. Arazola–Galea pled guilty to an Information charging him with re-entry of a previously removed alien in violation of 8 U.S.C. § 1326. Arazola–Galea also admitted a violation of his supervised release from a prior conviction. Investigation revealed that Arazola–Galea had previously been deported after a felony conviction for possession of a controlled substance in violation of Colorado Revised Statute (C.R.S.) § 18-18-405(1). The district court determined that the Colorado conviction was for a drug trafficking offense as defined under U.S.S.G. § 2L1.2(b)(1)(A), and sentenced Arazola–Galea to 70 months' imprisonment.

Arazola–Galea timely filed a direct appeal, which this Court dismissed based on the valid appellate waiver in Arazola–Galea's plea agreement. Arazola–Galea then filed a motion to vacate the sentence under 28 U.S.C. § 2255, arguing that his Sixth Amendment right to counsel was violated and that the district court lacked jurisdiction to enhance his sentence without conducting a jury trial. The district court dismissed the motion with prejudice based upon the plea waiver. Arazola–Galea filed a subsequent motion for authorization to file a second or successive habeas petition, arguing that *Johnson v. United States*, ——

Rhode Island, sitting by designation.

U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015) entitled him to retroactive relief from his sentence. We denied the motion, determining that the holding in *Johnson* was not implicated.

Months later, Arazola–Galea filed the present motion for authorization to file a second or successive habeas petition. Arazola–Galea argues that, in light of the Supreme Court's holding in *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the sentencing enhancement applied to his Colorado conviction for possession of a controlled substance was improper because his conviction was for an offense broader than the generic offense described in the federal definition of a drug trafficking offense in U.S.S.G. § 2L1.2(a) and (b). We deny Arazola–Galea's application.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may file a second or successive petition for a writ of habeas corpus if we certify that the claim is based upon "[1] a new rule, [2] of constitutional law, [3] made retroactive to cases on collateral review by the Supreme Court, [4] that was previously unavailable." 28 U.S.C. § 2255(h)(2); 28 U.S.C. § 2244(b)(2)(A).

The sole issue we must decide is whether Arazola–Galea's application to file a second or successive habeas petition can survive "the stringent standard" set forth in AEDPA that generally prohibits such filings. *See Goodrum v. Busby*, 824 F.3d 1188, 1193 (9th Cir. 2016). Arazola–Galea argues that his application satisfies this stringent standard because *Mathis* articulated a new constitutional rule that retroactively invalidates the sentencing enhancement applied on the basis of his Colorado conviction.

We disagree. *Mathis* does not establish a new rule of constitutional law; rather, it clarifies application of the "categorical"

analysis to the Armed Career Criminal Act (ACCA). *See Mathis*, 136 S.Ct. at 2251 (resolving the case on the basis of the Court's "longstanding principles," and explaining that *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) "set out the essential rule governing ACCA cases more than a quarter century ago"). Our subsequent decisions have confirmed the notion that *Mathis* is a clarification of existing rules rather than a new rule itself. *See, e.g., United States v. Martinez–Lopez*, 864 F.3d 1034, 1039 (9th Cir. 2017) ("*Mathis* did not change the rule stated in *Descamps* [*v. United States*, 570 U.S. 254, 133 S.Ct. 2276, 186 L.Ed.2d 438 (2013) ]; it only reiterated that the Supreme Court meant what it said when it instructed courts to compare elements."); *United States v. Robinson*, 869 F.3d 933, 936 (9th Cir. 2017) ("To determine whether a defendant's prior conviction is a crime of violence under the Guidelines, we apply the categorical approach first outlined in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and later clarified in [*Descamps*] and [*Mathis*]. ....").

We now join our sister circuits in definitively holding that *Mathis* did *not* establish a new rule of constitutional law. *See Washington v. United States*, 868 F.3d 64, 66 (2d Cir. 2017) ("[A]lthough the *Mathis* Court noted that its ACCA [Armed Career Criminal Act] interpretation had been based in part on constitutional concerns, .... those concerns did not reflect a new rule, for *Taylor* set out the essential rule governing ACCA cases more than a quarter century ago.") (citation and internal quotation marks omitted); *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (recognizing that *Mathis* did not "set forth new rules of constitutional law that have been made retroactive to cases on collateral review") (citations omitted); *In re Conzelmann*, 872

F.3d 375, 376–77 (6th Cir. 2017) (same); *Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016) (explaining that *Mathis* "did not announce" a rule of constitutional law; "it is a case of statutory interpretation"); *In re Hernandez*, 857 F.3d 1162, 1164 (11th Cir. 2017) (same).

Arazola–Galea's application for authorization to file a second or successive habeas petition is **DENIED.**